Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8211 | **DATE** | 11/16/2001 |
| **CASE TITLE** | Frank Thomas vs. Law Firm of Simpson & Cybak, Attorneys at Law, General Motors Acceptance Corporation, Kathleen M. Haggerty, Kay A. Candiano, Donald J. Houck, John D. Fleury | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants Simpson & Cybak and Kathleen Haggerty's Motion To Dismiss. Defendants GMAC, Kay A. Candiano, Donald J. Houck, and John D. Fleury's Motion To Dismiss.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ■ This case is dismissed with prejudice and without costs

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Defendants Simpson & Cybak and Haggerty's Motion to Dismiss [23-1] for failure to state a claim is granted pursuant to rule 12(b)(6). Defendants GMAC, Kay A. Candiano, Donald J. Houck and John D. Fleury's Motion to Dismiss [16-1] for failure to state a claim pursuant to rule 12(b)(6) is similarly granted. Plaintiff's case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | **3** number of notices | **Document Number** |
| | No notices required. | NOV 2 8 2001 date docketed | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | 40 |
| X | Docketing to mail notices. | docketing deputy initials | |
| X | Mail AO 450 form. | NOV 2 8 2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| klb (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 8211 |
| | ) HONORABLE DAVID H. COAR |
| LAW FIRM OF SIMPSON & CYBAK, ATTORNEYS AT LAW, GENERAL MOTORS ACCEPTANCE CORPORATION, KATHLEEN M. HAGGERTY, KAY A. CANDIANO, DONALD J. HOUCK, JOHN D. FLEURY, | ) |
| Defendants. | ) |



NOV 2 8 2001

## MEMORANDUM OPINION AND ORDER

The Pro Se Plaintiff, Frank Thomas, filed an Amended complaint against the law firm of Simpson, Cybak ("Simpson"), General Motors Acceptance ("GMAC"), Kathleen Haggerty, Kay A. Candiano, Donald J. Houch, and John D. Fleury. Plaintiff alleges a violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"). Before this court are two Motions to Dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The first motion is by Defendants GMAC, Candiano, Houch, and Fleury. The second motion is by Defendants Simpson and Haggerty. For the reasons set forth below, both motions are granted and this case is dismissed with prejudice.

### Factual Background

The following factual allegations are taken from the Plaintiff's complaint. On January 5, 1998, Plaintiff entered into a Retail Installment Contract for the purchase of a 1998 Chevrolet

-1-

Blazer from Apple Chevrolet of Tinley Park, Illinois. The contract was assigned to General Motors Acceptance Corporation of Orland Park, Illinois. On January 20, 2000, Plaintiff received a Ten Day Cure Default letter signed by defendant Kay A. Candiano. The letter stated the following:

> Dear Mr. Thomas:
>
> It has come to my attention that our previous efforts to resolve the serious past due condition of your account have not been successful. Our records indicate that your account is in default for the December 20, 1999 and the January 20, 2000 installments, including unpaid charges, now amount to $1106.88.
>
> If you do not cure the default within ten days from the date of this letter, we expect that you will voluntarily make some other mutually agreeable arrangements by that date. Although we may have accepted late payments from you previously, if your remaining payments are not made on a timely basis, GMAC intends to pursue its default remedies, which may include repossession.
>
> GMAC is most interested in your efforts to cure this default condition, and we wish to extend every possible consideration before taking any further action. Therefore, even though you may intend to cure the default by remitting the full amount past due in time to reach our office within the prescribed ten days, I would still appreciate your call so that we can report your intention to our field representative.
>
> If there is a misunderstanding regarding the amount that is past due or some other special problem of which we are not aware, perhaps I can be of assistance. I hope you will agree that curing this default deserves your immediate attention. Please call me at your earliest convenience, but not later than January 31, 2000, so that I may personally discuss your account with you.
>
> Very truly yours,
> Kay Candiano
> Operations Manager

Plaintiff responded to the letter by contacting Defendant Candiano's attorney. On or about March 27, 2000, Defendant Haggerty an attorney with the law firm of Simpson, Cybak, on behalf

of Defendant, GMAC, filed a two-count verified complaint against Frank Thomas, the Plaintiff in this case, alleging Detinue and breach of contract.

Plaintiff alleges that GMAC and Haggerty (an attorney with Simpson) are debt collectors under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiff also alleges that neither GMAC or Simpson ever sent Plaintiff preliminary notice of validation of debt as required under 15 U.S.C. § 1692(g). Plaintiff further alleges in its amended complaint that the Verified Complaint filed on behalf of GMAC was in violation of 15 U.S.C. § 1692(e). Plaintiff claims the Verified Complaint in state court was a "statement made in furtherance of the collection action of this lawsuit." Further, that when making this allegation attorney Haggerty "knew it to be false, or if she believe them to be true had no reasonable grounds for that belief." Plaintiff alleges that due to such falsehoods, Judge Howse held for the GMAC and that Thomas has thus been harmed in the amount of $50,000.

## Discussion

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has properly stated a claim for which relief may be granted, not whether the plaintiff will prevail on the merits. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir.1995). Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir.1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S.Ct. 2229, 2232 (1984)). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. Id. Any ambiguities are construed in favor of the plaintiff. Curtis v. Bembenek, 48 F.3d 281, 283 (7th

Cir.1995). Moreover, in reviewing a pro se complaint, we must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

Pursuant to the FDCPA, a debt collector must send a written notice to a consumer debtor within five days of initial communication. 15 U.S.C. § 1692g. The notice is required to contain "the amount of the debt," the name of the creditor, and a statement that unless the consumer disputes the validity of the debt, the debt will be assumed valid. 15 U.S.C. § 1692g(a)(1)-(3). The notice must also instruct the debtor of her right to dispute the debt by requesting written verification of the debt within 30 days. 15 U.S.C. § 1692g(a)(4). Thus, to assert a claim under the 1692(g) of the FDCPA, the plaintiff must allege that the defendant is a debt collector and failed to send the required notice.

I.      GMAC, Kay A. Candiano, Donald J. Houck, John D. Fleury

Plaintiff alleges that GMAC and its employees Candiano, Houck, and Fleury are debt collectors subject to the FDCPA and that they failed to send the required notice. The FDCPA, however, is not applicable to creditors and their employees attempting to secure compliance from debtors. The FDCPA's definition of "debt collector" expressly excludes:

> (A)    any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> ...
> (F)    any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ...(iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(A) and (F)(iii). Creditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the Act. This is consistent

with the FDCPA's stated purpose of "eliminating abusive debt collection practices by debt collectors." Id. § 1692(e). Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own. 15 U.S.C. § 1692a(6); Aubert v. American General Finance, Inc., 137 F.3d 976, 978 (7th Cir. 1998).

In this case, GMAC is a creditor and was attempting, through its employees Candiano, Hock, and Fleury, to collect on a debt owed by Plaintiff. Plaintiff purchased a General Motors vehicle from Apple Chevrolet and the loan was immediately assigned to GMAC. Since the installment sales contract was assigned to GMAC, Plaintiff's creditor was GMAC not Apple Chevrolet. Wadlington et al v. Credit Acceptance Corporation, 76 F.3d 103, 107 (6th Cir. 1996) (finding the debt was owed to Credit Acceptance once the installment contract was assigned from the dealer). Plaintiff, in his reply brief, alleges that GMAC contracts with an outside firm, G.C. Services Corporation of Houston, Texas (a "debt collector") for the collection of GMAC's consumer debts. The letter Thomas received, however, was from its creditor GMAC in Orland Park, Illinois and made no mention of G.C. Services Corporation of Houston, Texas. Thus, the letter sent to Thomas in an attempt to collect the past due installment payments by GMAC and signed by Candiano are not subject to the FDCPA because GMAC and its employees are not "debt collectors." Plaintiff's claim under the FDCPA against defendants GMAC and its employees is dismissed for failure to state a claim upon which relief may be granted.

II.   Simpson & Cybak, Kathleen Haggerty

Plaintiff alleges that when Simpson filed the complaint on behalf of GMAC it failed to make the requisite disclosures under the FDCPA. Plaintiff, however, has failed to allege that

Simpson was the debt collector who made initial communication with the Plaintiff. To the contrary, the Plaintiff alleges that the first communication was made by Defendant Candiano by way of letter on or about January 20, 2000. Plaintiff's sole allegation that the FDCPA applies to Simpson is that Simpson failed to send the Plaintiff preliminary notice by way of a validation notice pursuant to 15 U.S.C. § 1692g. This section of the FDCPA, however, only applies to the initial communication stage of the debt collection process. Weinstein v. Fink, No. 99 C 7222, 2001 WL 185194, at *6 (N.D. Ill. Feb. 26, 2001).

In Weinstein, the plaintiffs filed a class action complaint against defendant Fink alleging violations of the FDCPA. Weinstein, 2001 WL 185194, at *1. The plaintiffs were defendants in a lawsuit filed by Fink in connection with the collection of a debt owed to Evanston Hospital. Id. Initially, the hospital sought payment directly. Id. The plaintiff failed to make payment and the matter was turned over to Defendant Payco-General, Inc. (a collection agency). Id. Payco sent many dunning letters to the plaintiff. Id. Payco then retained the Fink law firm to file suit. Weinstein, 2001 WL 185194, at *2. On behalf of Evanston hospital, Fink filed a verified complaint in state court. Id. The plaintiff claimed, inter alia, that the summons served was in violation of the FDCPA. The issue addressed by the district court in Weinstein was whether the pertinent section of the FDCPA applies only to the initial communication stage of the debt collection process. The Court noted that the U.S. Supreme Court in Heintz v. Jenkins, 514 U.S. 291 (1995), did not address the issue of whether a legal action constitutes a "communication" within the meaning of the FDCPA. Id. at *7. The court found that it was undisputed that the initial communication was made long before the Fink law firm filed suit on behalf of Evanston Hospital. Id. The court held that since consumer's debt validation rights persist for only 30 days

after receipt of a communication containing the debt validation notice, the summons cannot violate 1692(g) regardless of the fact that it failed to contain a copy of the previously mailed letters. Id.

In this case, just as in Weinstein, the initial communication with the Plaintiff was made by Defendant Candiano before Simpson was involved with the lawsuit against Frank Thomas. Further, Thomas responded to Candiano's letter during the initial period and did not receive Simpson's complaint until more than thirty days afterward. Thus, the Verified Complaint filed by Simpson on behalf of GMAC can not violate the FDCPA even if Simpson failed to send a validation notice because it was not the initial communication. Therefore, plaintiff's claim against Defendants Simpson and Haggerty are dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, Defendants Simpson & Cybak and Haggerty's motion to dismiss for failure to state a claim is granted purusant to rule 12(b)(6). Defendants GMAC, Kay A. Candiano, Donald J. Houck and John D. Fleury's motion to dismiss for failure to state a claim pursuant to rule 12(b)(6) is similarly granted. Plaintiff's case is dismissed with prejudice.

Enter:

David H. Coar
United States District Judge

Dated: **NOV 16 2001**