**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANK THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 C 8211 |
| v. | ) | |
| LAW FIRM OF SIMPSON & CYBAK, ATTORNEYS AT LAW, GENERAL MOTORS ACCEPTANCE CORPORATION, KATHLEEN M. HAGGERTY, KAY A. CANDIANO, DONALD J. HOUCK, and JOHN D. FLEURY, | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank Thomas ("Plaintiff") sued Defendants General Motors Acceptance Corporation ("GMAC"), the Law Firm of Simpson & Cybak ("Simpson"), and their employees Kathleen M. Haggerty, Kay A. Candiano, Donald J. Houck, and John D. Fleury for violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"). In a memorandum opinion and order issued on November 16, 2001 ("the November 16, 2001 Order"), this Court dismissed Plaintiff's action against all Defendants for failure to state a claim. Thomas v. Law Firm of Simpson & Cybak, No. 00 C 8211, 2001 WL 1516746 (N.D. Ill. Nov 16, 2001). On December 20, 2004, the Seventh Circuit affirmed this Court's dismissal of the claim against GMAC, but reversed this Court's decision to dismiss the claim against Simpson. Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004). Before this Court is

Plaintiff's motion to vacate the judgment of November 16, 2001 as it pertains to GMAC. For the reasons set forth below, the motion is DENIED.

I.   **LEGAL STANDARD**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court may on motion grant relief from judgment for a number of reasons including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or because the judgment is void or has been satisfied. See Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy that is available only in exceptional circumstances. Dickerson v. Board of Education of Ford Heights, 32 F.3d 1114, 1116 (7th Cir. 1994).

II.   **DISCUSSION**

Plaintiff's motion presents a problem to this Court because it *states* that it is based on one provision of Rule 60(b), but its content suggests that it is based on one of two *other* provisions of the Rule. Plaintiff states that he moves to vacate the judgment pursuant to Rule 60(b)(6), a catchall provision allowing the court to set aside an order for "any other reason justifying relief . . . ." Fed. R. Civ. P. 60(b)(6).[1] However, it is evident from the motion's content that Plaintiff is moving for relief from judgment because "the attorneys representing all defendants [have] perpetrated a fraud upon the court." Pl.'s Mot. to Vacate the J. ¶¶ 1, 8. Specifically, Plaintiff alleges that Defendants' attorneys knowingly made false statements of law and fact to the Court.

---

[1] Rule 60(b)(6) uses the phrase "any other reason" as a contrast to sections 1 through 5 which, as indicated above, state specific grounds for relief from judgment such as mistake or newly discovered evidence.

Thus, it emerges that Rule 60(b)(6) is *not* the basis for Plaintiff's motion; fraud is. It follows that, since fraud is covered by other parts of Rule 60(b) (as discussed below), Plaintiff may not use the catchall provision of Rule 60(b)(6) to ground his motion. See Webb v. James, 147 F.3d 617, 622 (7th Cir. 1998) (noting that relief under the "catchall" section of Rule 60(b)(6) is available only when other subsections do not apply).

The question then becomes, is Plaintiff alleging "fraud" (on the opposing party, which making false statements during the course of litigation may indicate) or "fraud upon the court" (which he plainly states)? The difference is decisive.

If Plaintiff is moving to vacate the judgment due to fraud, his motion is one under Rule 60(b)(3). See Fed. R. Civ. P. 60(b)(3) (providing for relief from a judgment due to "fraud . . . misrepresentation, or other misconduct of an adverse party."). Rule 60(b)(3) motions, however, must be made within one year after the judgment was entered. See id. Thus, if fraud is the basis of Plaintiff's June 29, 2005 motion to vacate a November 16, 2001 order, the motion is untimely. This is the conclusion Defendants urge.

On the other hand, if Plaintiff is moving to vacate the judgment due to fraud upon the court, no such statutory limitation binds him. See Ty Inc. v. Softbelly's, Inc., 353 F.3d 528, 536 (7th Cir. 2003) ("If it is fraud on the court, the motion may be made at any time, but if it is just fraud on an opposing party, the motion must be made within a year after the judgment sought to be vacated becomes final."); Oxxford Clothes XX, Inc. V. Expeditors International of Washington, Inc., 127 F.3d 574, 578 (7th Cir. 1997) ("[S]ince fraud on the court is more serious

than fraud on the opposing litigant, the party complaining about the fraud is not bound by the one-year limitation on motions to vacate a judgment because of fraud.").[2]

Assuming the basis of Plaintiff's motion is fraud upon the court and the motion is therefore not untimely as Defendants argues, we come to the merits of the motion. In nearly all but patent cases, "fraud upon the court" has been interpreted narrowly. See Met-L-Wood Corp. v. Pipin, 861 F.2d 1012, 1018 (7th Cir. 1988). The term refers to "egregious [conduct,] . . . conduct that might be thought to corrupt the judicial process itself, as where a party bribes a judge or inserts bogus documents into the record." Oxxford Clothes, 127 F.3d at 578. Accord In re Whitney-Forbes, Inc., 770 F.2d 692, 698 (7th Cir. 1985) (holding that the fraud must be "directed to the judicial machinery itself") (internal quotation marks and citation omitted). Fraud on the court, like fraud, must be proved by clear and convincing evidence. See Whitney-Forbes, 770 F.2d at 699. See also Kenner v. Commissioner of Internal Revenue, 387 F.2d 689, 691 (7th Cir. 1968) ("[A] general . . . assertion is not enough, and there is a heavy burden both of particularized pleading and of proof upon the one who seeks to impeach an order or decree of a court. There must be an offer to prove specific facts which will pretty plainly impugn the official record.") (internal quotation marks and citations omitted).

Plaintiff describes two situations he considers fraud upon the court. First, Defendants' attorneys represented to this Court that a January 20, 2000 letter from GMAC to Plaintiff was an "initial communication," as described by FDCPA, 15 U.S.C. § 1692g(a). The attorneys later

---

[2] Plaintiff also had the option of filing an independent action at any time urging this Court to vacate the judgment due to fraud upon the court. See Fed. R. Civ. P. 60(b) ("This rule does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court.").

conceded during the appellate proceedings that their position was contrary to law. Plaintiff accuses the attorneys of making a statement of law they should have reasonably known was false. Only in the decision issued on appeal, however, did the Seventh Circuit affirmatively decide that a creditor's letter does not constitute an initial communication for FDCPA purposes. See Thomas, 392 F.3d at 916-17. The attorneys' arguing otherwise before the decision on appeal was entered, therefore, does not amount to egregious conduct capable of corrupting the judicial process.

Second, Plaintiff alleges that Defendants' attorneys knowingly made a false statement when they denied that a debt collector, G.C. Services, participated in the collection of GMAC accounts, including that of Plaintiff. Such a denial is relevant because, as a creditor, GMAC is not bound by the provisions of the FDCPA that Plaintiff alleged GMAC violated. See Thomas, 392 F.3d at 917. Those provisions *would* bind GMAC, however, if it were a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Plaintiff argues that GMAC was this kind of creditor–and therefore subject to the FDCPA– because G.C. Services (a name other than GMAC) helped to collect GMAC debts. Plaintiff presents the following evidence in support of his point: (1) An affidavit by Defendant Kay Candiano ("Candiano") filed in connection with Defendants' Motion to Dismiss, stating that "any actions that would have been taken by me, John D. Fleury ("Fleury") and/or Donald J. Houck to collect and/or conclude the Plaintiffs's debt were undertaken on behalf of GMAC during the regular course of employment," Pl.'s Mot. to Vacate the J., Ex. B. at ¶ 9; (2) Defendants' brief in support of their Motion to Dismiss, which argued that the Candiano

affidavit "prov[es] that GMAC attempted to collect its debt from Plaintiff without the assistance of the alleged G.C. Services" and that "Plaintiff [has failed] to provide any admissible evidence of the asserted contractual relationship between GMAC and G.C. Services," Pl.'s Mot. to Vacate the J., Ex. B.; and (3) an internal GMAC memorandum dated September 15, 1999 in which Candiano tells Fleury that a GMAC computer screen showed that G.C. Services called Plaintiff three times in two days. According to Plaintiff, this memorandum demonstrates that Defendants were aware of G.C. Services' participation in the collection of GMAC debts.

In the evidence above, however, the Court can find no false statement, much less egregious conduct that corrupts the judicial process. Plaintiff is correct that the memorandum suggests some relationship between GMAC and G.C. Services. But Defendant Candiano merely swore that any actions *she* took to collect Plaintiff's debt were on behalf of GMAC; the affidavit says nothing about whether G.C. Services took actions on behalf of GMAC. Moreover, the affidavit does not prove that GMAC attempted to collect its debts without G.C. Services assistance. This assertion by Defendants in their supporting brief was mere hopeful argument, not a false statement. Furthermore, Defendants' statement, read in light of the memo, does not have to be false: Defendants could have *attempted* to collect their debts without the help of G.C. Services (as stated in the brief), but ultimately forged a relationship with G.C. Services (as demonstrated by the memorandum). Finally, even if Defendants' statement was false, it would not be fraud upon the court. In Balta Air Lines, Inc. v. Transaction Management, Inc., 98 F.3d 640 (D.D.C. 1996), a case the Seventh Circuit cited approvingly in Oxxford Clothes, 127 F.3d at 578, the D.C. Circuit ruled that fraud on the court "is fraud which is directed to the judicial machinery itself and *is not fraud between the parties or fraudulent documents, false statements*

*or perjury*." Balta Air Lines, 98 F.3d at 642 (citing Bulloch v. United States, 721 F.2d 713, 718 (10th Cir.1983)) (emphases added). Under Balta, mere false statements are not fraud upon the court.

Thus, Plaintiff's evidence does not clearly and convincingly demonstrate fraudulent conduct to the tune of inserting bogus documents into the court record or exerting improper influence on the court. At best, the evidence demonstrates a failure of proof, which a motion for relief from judgment is not designed to address. See, e.g., Kenner, 387 F.2d at 691 (stating that claims that "some finding was not supported by evidence" and that "the judge drew unfavorable inferences where the evidence presented a choice" could have been dealt with on review).

A final issue remains. Throughout the motion, Plaintiff alleges that Defendants' attorneys violated the Illinois Rules of Professional Conduct by making false statements of fact and law. Because the rules that Plaintiff claims the attorneys violated are also found in the Northern District of Illinois Rules of Professional Conduct, see Local Rule 83.53.3(a)(1), (4), this Court will put to one side the fact that breaches of state professional conduct rules are matters for the relevant state bar authority to decide. Notwithstanding, Plaintiff's motion is still the incorrect method for challenging the attorneys' allegedly unethical conduct. In this Circuit, "a disciplinary violation calls for discipline, not nullification of judicial proceedings; for nullification, there must be prejudice to a party . . . ." Met-L-Wood Corp., 861 F.2d at 1019 (internal citation omitted). No prejudice to a party has been shown here: This Court's decision to dismiss the case against GMAC has been affirmed by the Seventh Circuit.

## III. CONCLUSION

There being no evidence that a fraud was perpetrated upon this Court, Plaintiff's motion for relief from the judgment of November 16, 2001 as it pertains to GMAC is denied.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 27, 2005**