IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 00 C 8211 |
| v. | ) |
| LAW FIRM OF SIMPSON & CYBAK, | ) HONORABLE DAVID H. COAR |
| ATTORNEYS AT LAW, and KATHLEEN | |
| M. HAGGERTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank Thomas ("Plaintiff") is suing the Law Firm of Simpson & Cybak and Kathleen M. Haggerty (collectively "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Before this Court is Defendants' motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, Defendants' motion is DENIED without prejudice.

## I.  FACTUAL BACKGROUND[1]

In March of 2000, General Motors Acceptance Corporation ("GMAC") sued Plaintiff in state court to recover a vehicle for which payment was past due. GMAC sued through its attorneys, the Law Firm of Simpson & Cybak ("Simpson"). Plaintiff then filed suit against

---

[1] See Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004), for an extended version of the facts.

-1-

GMAC and Simpson under the FDCPA, alleging that neither party sent him a debt validation notice advising him of his rights as a debtor.  See 15 U.S.C. § 1692g(a).

On December 20, 2004, the Seventh Circuit affirmed this Court's dismissal of GMAC and its employees, Kay A. Candiano, Donald J. Houck, and John D. Fleury, as defendants in this action.  See Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914 (7th Cir. 2004), aff'g in part, No. 00 C 8211, 2001 WL 1516746 (N.D. Ill. Nov 16, 2001).  Simpson and Kathleen Haggerty ("Haggerty"), the Simpson lawyer who signed the original complaint against Plaintiff, remain as defendants.

On June 30, 2005, Simpson and Haggerty sent Plaintiff an Offer of Judgment pursuant to Federal Rule of Procedure 68.  They offered Plaintiff $5,000 plus litigation costs.  Plaintiff did not accept the Offer of Judgment, which is deemed withdrawn if not accepted within ten days.  See Fed. R. Civ. P. 68.

**II.  STANDARD OF REVIEW**

When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.  See Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999).  The court may look beyond the pleadings and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  Id. (internal citations omitted).

The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If the court or the

opposing party challenges jurisdiction as a factual matter the party invoking the jurisdiction must support its jurisdictional allegations by "competent proof." McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995). Competent proof means "proof to a reasonable probability that jurisdiction exists." Target Market Publishing, Inc. v. ADVO, Inc., 136 F.3d 1139, 1142 (7th Cir. 1998) (internal citations omitted).

### III.  ANALYSIS

Defendants move to dismiss because they offered Plaintiff, by their estimate, "five times more than Plaintiff could possibly recover at trial," yet Plaintiff refused the offer. See Mem. in Supp. of Def.'s Mot. to Dismiss at 2. Plaintiff's refusal, according to Defendants, renders his claims moot and deprives this Court of subject matter jurisdiction.

Under Article III of the United States Constitution, federal courts have jurisdiction over live cases and controversies. A case becomes moot, however, "when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir. 1994). Offers of Judgment pursuant to Rule 68 sometimes invoke these very circumstances: "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Rand v. Monsanto, 926 F.2d 596, 598 (7th Cir. 1991). Moreover, when a defendant puts forward an "offer of judgment [that] exceed[s] the maximum amount of money that the plaintiff could conceivably [obtain] by going to trial," a case or controversy no longer

exists. Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1014 (7th Cir. 1999). As the Greisz court admonished, "You cannot persist in suing after you've won." Id. at 1015.

There is no question that Defendants have not offered to satisfy Plaintiff's entire demand. Plaintiff's Amended Complaint seeks $50,000 in compensatory damages, $3,000 in statutory damages ($1,000 for each of three alleged violations of the FDCPA), and $250,000 in punitive damages. Defendants' offer of a mere $5,000 falls woefully short of Plaintiff's *entire* demand. See e.g., Parker v. Risk Management Alternative, Inc., 204 F.R.D. 113, 115 (N.D. Ill. 2001) (holding that when plaintiff allowed to expire an offer that did not cover the full amount of relief sought, plaintiff's FDCPA claim was not moot). See also Wilhelm v. Credico, Inc., 426 F. Supp. 2d 1030, 1034 (D.N.D. 2006) (holding that a Rule 68 offer providing only the maximum amount of statutory damages, attorney fees, and costs available to plaintiff, but not including the amount of actual damages sought, did not offer plaintiff all the relief available to him and thus did not render plaintiff's case moot); Wilner v. OSI Collection Services, Inc., 201 F.R.D. 321 (S.D.N.Y. 2001) (holding that Rule 68 offer omitting attorney's fees and costs "did not constitute more than [the plaintiff] could have received under the statute" and thus did not render plaintiff's claim moot).

Defendants maintain, however, that they *have* offered Plaintiff the maximum he could recover at trial. Under the FDCPA, a debt collector who violates the statute is liable for (1) the actual damages sustained by the debtor, see 15 U.S.C. § 1692k(a)(1); (2) additional or statutory damages not exceeding $1,000, see 15 U.S.C. § 1692k(a)(2)(A); and (3) litigation costs and attorney's fees, see 15 U.S.C. § 1692k(a)(3). Defendants argue that Plaintiff cannot demonstrate actual damages, therefore he can only receive at trial $1,000—the maximum amount of statutory

damages the FDCPA allows—and litigation costs.  In this light, Defendants observe, their offer of $5,000 plus litigation costs is generous.

Defendants rely on Plaintiff's deposition testimony to establish that Plaintiff cannot demonstrate actual damages.  Plaintiff testified that his actual damages are the loss of the use and enjoyment of the vehicle (a Chevy Blazer) that Simpson and GMAC repossessed when Plaintiff missed his monthly payment.  See Mem. in Supp. of Def.'s Mot. to Dismiss, Ex. B at 62.

Defense counsel then asked Plaintiff to explain his reasoning: "Do you believe that at [sic] Simpson and Cybak sent you a validation letter that you would have been able to pay for the Chevy Blazer?"  Id.  Defense counsel repeated this question several times, asking, for example: "Do you believe that the failure of the Law Firm of Simpson and Cybak . . . including Ms. Haggerty . . . to send you a validation letter or notice in any way would have prevented GMAC from obtaining a court order to repossess the vehicle?" and "How do you relate the failure of [Simpson and Haggerty] . . . to send you a letter to your loss of enjoyment and use of your Chevy Blazer?"  Id. at 63-64.

Plaintiff objected to the question each time it was asked, but also answered "no."  Id. at 63.  He testified that Defendants' failure to send him a validation letter has "no relationship" to his ability to pay for the Chevy Blazer.  See id. at 63-66.  Nonetheless, Plaintiff averred, Defendants' "not doing what was required of them under the law causes them to be liable for the loss of the vehicle."  Id. at 63.

Defense counsel agreed that Defendants' failure to follow the law may have resulted in statutory damages, but explained that for actual damages there needs to be a "causal relationship."  See id. at 64-54.  Plaintiff disagreed: "The causal relationship is the statute as

written . . . . [Defendants] are responsible for statutory and actual damages." Id. at 65. Plaintiff insisted that the lack of a relationship between Defendants' failure to send him a validation letter and the repossession of his truck due to missed payments "is not relevant to what [Defendants'] responsibility is under the law as a debt collector." Id. at 65-66. Even though there is "no linkage," id. at 69, Plaintiff repeatedly testified, Defendants' actions resulted in actual damages consisting of the loss of the use and enjoyment of his truck. See, e.g., id. at 65-66, 68, 77.

This testimony strongly supports Defendants' contention that subject matter jurisdiction no longer exists. Plaintiff stated under oath that Defendants' failure to send him a validation letter did not cause his truck to be repossessed. He repeatedly testified that there is no relationship or link between the two events. Thus, despite Plaintiff's protestations to the contrary, he cannot demonstrate actual damages. For an award of actual damages, "[t]he plaintiff must show a real loss or injury caused by the defendant." Peters v. Jim Lupient Oldsmobile Co., 220 F.3d 915, 916-17 (8th Cir. 2000); see also id. ("Actual damages are traditionally defined as an amount awarded to a complainant to *compensate* for *a proven* injury or loss.") (emphasis added). On the basis of the testimony above, Plaintiff has admitted that the alleged injury (the loss of the use and enjoyment of his truck) was not caused by Defendants' violation of the FDCPA. Since Plaintiff cannot demonstrate actual damages, Plaintiff is entitled to only (1) statutory damages of $1,000 per violation (for Defendants' failure to send the validation letter) and (2) litigation costs. In offering Plaintiff $5,000, Defendants have indeed offered Plaintiff all he could hope to recover at trial. Plaintiff's refusal of the offer renders his claim moot and ends any controversy between the parties. See Greisz, 176 F.3d at 1014.

Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994), supports this outcome.

In Holstein, a district court granted the defendant's motion to dismiss where the defendant offered the plaintiff "all the damages due him" and where the plaintiff did not argue "that the offer does not adequately reimburse him or that the [defendant's] offer is insincere." Holstein, 29 F.3d at 1147. In affirming the dismissal, the Seventh Circuit noted that the plaintiff "may not spurn [the] offer of all the damages he is owed and proceed to trial." See id. Plaintiff differs from the Holstein plaintiff in that Plaintiff *does* argue that Defendants' offer of $5,000 fails to adequately reimburse him. Nonetheless, Plaintiff's testimony demonstrates that Defendants *have* offered all the damages due him. Accordingly, Plaintiff may not reject Defendants' offer and proceed to trial.

In resisting this conclusion, Plaintiff argues that Defendants' liability for failure to send him a validation letter is an issue independent of whether Plaintiff actually *owes Defendants money* for the Chevy Blazer. Plaintiff is correct: "The FDCPA . . . is designed to protect consumers from unscrupulous collectors, *regardless of the validity of the debt*." Mace v. Van Ru Credit Corp., 109 F.3d 338, 341 (7th Cir. 1997) (emphases added). This truism, however, means only that even though Plaintiff legitimately owes Defendants payments for the Chevy Blazer, Defendants can be made to pay *statutory damages* for violating the FDCPA. It does not mean that Defendants can be made to pay actual damages, absent proof of such damages.

Plaintiff also argues that Defendants' mention of Plaintiff's refusal of the Offer of Judgment violates Rule 68, which provides that "an offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68. Courts, however, interpret Rule 68 as they do Rule 408 of the Federal Rules of Evidence. See Fed. R. Evid. 408, Advisory Committee's Note, para. 2. Rule 408 bars

evidence of offers to compromise when used "to prove liability . . . or [the] invalidity of the claim or its amount." Fed. R. Evid. 408.  The rule "does not require exclusion when the evidence is offered for another purpose . . . ."  Id.  Here, Defendants have not raised the Offer of Judgment to confirm or attack the validity of Plaintiff's claim, but to demonstrate that a case or controversy no longer exists.  The Seventh Circuit has considered evidence of offers of judgment for precisely this purpose.  See, e.g., Greisz, 176 F.3d at 1014; Rand, 926 F.2d at 598.

Notwithstanding, Plaintiff's final argument in opposition to the motion to dismiss warrants close attention.  Plaintiff argues that Defendants' motion to dismiss failed to provide Plaintiff with the additional notice contemplated by Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).  Lewis established the rule that "a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment . . . . [or] a motion to dismiss under Rule 12(b)(6) [of the Federal Rules of Civil Procedure]."  Id. at 102.  This rule now applies to all pro se litigants.  Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992).  The Lewis court so held because, it noted, aspects of civil practice are "contrary to lay intuition."  Lewis, 689 F.2d at 102.  While a lay person without counsel should know that failing to present any evidence whatsoever at trial would result in defeat, he or she should not be "charged with the further knowledge that a failure to offer affidavits when his opponent files something called 'Motion to Dismiss, Or In The Alternative, For Summary Judgment' is an equivalent default."  Id.

This Court finds it appropriate to extend the rule enunciated in Lewis and Timms to the circumstances of the instant case: Where a pro se litigant is confronted with an offer of judgment pursuant to Rule 68.  The policy underlying Lewis supports a requirement by this Court that a

pro se plaintiff confronted with an offer of all the damages he could possibly recover at trial is entitled to receive notice of the consequences of allowing that offer to expire. Not all offers of judgment will fall within this category, but the one presented to Plaintiff does. Plaintiff was offered all the damages owed him (that is, statutory damages plus litigation costs), but declined the offer based on, this Court assumes, a mistaken belief that his intended testimony would support a claim to actual damages. Instead, Plaintiff's own testimony precludes his claim to actual damages. Plaintiff may not have guessed this, and Plaintiff may not have known that permitting an offer limited to statutory damages to expire would, on simple motion, eviscerate this Court's jurisdiction. Plaintiff reasonably may have believed that he would have the opportunity to argue his actual damages theory at a hearing or a trial. See Timms, 953 F.2d at 286. Lack of notice in this circumstance results in the same "equivalent default"—here, on 12(b)(1) grounds rather than on Rule 56 or 12(b)(6) grounds—that Lewis and Timms sought to avoid.

It is not clear to this Court that Plaintiff enjoyed the notice contemplated in Lewis and Timms.[2] Defendants' motion to dismiss, therefore, is denied without prejudice to be presented again in the form of either a motion to dismiss or a motion for summary judgment if an offer of judgment is renewed and Plaintiff declines the offer once again. To be clear, if the offer of judgment is not renewed or accepted, this case will proceed to trial; however, if Plaintiff prevails as to liability, damages will be limited to statutory damages and litigation costs.

---

[2] This Memorandum Opinion and Order provides the necessary notice to Plaintiff. See Timms, 953 F.2d at 285 (holding that if counsel fails to provide the required information, the responsibility falls to the district court); Lewis, 689 F.2d at 103 (same).

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED without prejudice.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **July 17, 2006**